**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION and THE EDUCATION RESOURCES INSTITUTE, INC., Appellants, v. MICHAEL E.A.S. YOUNG, Appellee. | § § § § § § § § § § § | Case No. 4:06-cv-327 |

**ORDER DENYING APPELLEE'S MOTION FOR RECONSIDERATION**

Before the court are "Appellee Michael Young's Motion for Reconsideration" (de # 18) and "Response of Appellant Educational Credit Management Corporation to Motion for Reconsideration of Appellee Michael E.A.S. Young" (de # 19). Having considered the Motion and the briefing responsive thereto, the court is of the opinion that the Motion should be DENIED.

On September 28, 2007, the court signed an order reversing the bankruptcy court's determination that repayment of Michael Young's student loan debt would constitute an undue hardship under 11 U.S.C § 523(a)(8). In determining whether an undue hardship existed, the court applied the three-prong *Brunner* test as adopted by the Fifth Circuit Court of Appeals. *United States Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003). In its *de novo* application of the *Brunner* test, the court determined that Young's actions were incongruous with "good faith efforts to repay the loans," the third prong of the test. *Id*. (quoting *Brunner v. New York State Higher Educ. Servs. Corp.*, 821 F.2d 395, 396 (2nd Cir. 1987)).

In his Motion, Young argues that the court should have undergone a totality of the circumstances analysis and applied a clearly erroneous standard in determining whether his expenses

were reasonable. (Mot. 1-2.) Whether the bankruptcy court properly applied the *Brunner* test is a mixed question of law and fact reviewed under a *de novo* standard. *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003); *Educ. Credit Mgmt. Corp. v. Pratt (In re Pratt)*, 375 B.R. 753 (S.D. Tex. 2007); *Educ. Credit Mgmt. Corp. v. Blake (In re Blake)*, __B.R.__ (E.D. Tex. 2007). Moreover, the court did consider the reasonableness of Young's monthly expenses in determining that he failed to demonstrate a good faith effort to repay his loans as required in the *Brunner* analysis. Slip. Op. at 6-7. To the extent that Young implies that the court reviewed the bankruptcy court's factual findings under a *de novo* standard, the court emphasizes that it accepted each of the bankruptcy court's factual findings because none were clearly erroneous. Young's first argument is without merit.

Young also argues that the court erred in finding that Young has failed to maximize his income by failing to secure a license to practice law in the State of Texas. (Mot. 2-3.) The court need not explain again why acquisition of his law license would maximize Young's income. Young also argues that the proposals he made to Educational Credit Management Corporation were reasonable. The court notes that its analysis of the proposals submitted by Young was merely one of a handful of factors indicating that Young had not demonstrated good faith in repaying his student loan debts. Young's latter arguments also lack merit.

Based on the foregoing, the court is not inclined to revisit its order of September 28, 2007. The court is, therefore, of the opinion that "Appellee Michael Young's Motion for Reconsideration" should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 20th day of June, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE